UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN CURTIS,<br><br>Defendant. | Case No. 1:18-cr-00006-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Ryan Curtis' Motion for Compassionate Release. Dkt. 55. The Government opposes the motion. Dkt. 56. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In 2018, Curtis pled guilty to distribution of fentanyl and methamphetamine resulting in death and was sentenced to 240 months incarceration. His sentence was later reduced to 151 months. Curtis was arrested after police discovered a body wrapped in blankets in an alley. The coroner determined the cause of death was a methamphetamine overdose complicated by craniocerebral blunt force trauma. *PSR* ¶ 6, Dkt. 38. The autopsy also noted the presence of fentanyl. *Id.*

**MEMORANDUM DECISION AND ORDER - 1**

When Curtis was initially interviewed by police, he denied any involvement in the victim's death. *Id.* ¶¶ 12-13. Curtis later admitted the victim had contacted him to buy drugs and Curtis had supplied the victim with what he thought was China White heroin, but may have been fentanyl. *Id.* ¶ 17. According to Curtis, he and the victim smoked the "heroin" and the victim fell onto the floor and aspirated. Curtis gave the victim CPR and then injected him with methamphetamine in an attempt to revive him. Curtis then rolled the victim in blankets and left him in an alley.

Curtis has multiple drug convictions when he was younger. *Id.* ¶¶ 48-53. According to defense counsel, Curtis got clean, but was prescribed opiates for a neck injury and became re-addicted. Dkt. 55-1 at 9-10. At the time of his arrest, it appears Curtis was actively dealing drugs. Curtis engaged in intensive outpatient treatment while on pretrial release.

Curtis has served approximately 35 months of his sentence. His projected release date is December 22, 2028. Curtis is currently incarcerated at FCI Englewood, which has 1 inmate and no staff with active COVID-19 infections.[1]

---

[1] At the time of Curtis' motion, Englewood had 11 inmates with active COVID cases. Dkt. 55-1 at 2. That number increased through December, but has now dropped considerably. *See* Dkt. 58.

**MEMORANDUM DECISION AND ORDER - 2**

https://www.bop.gov/coronavirus/ (last accessed March 9, 2021).

Curtis is 47 years old and has various health conditions, including diabetes and obesity, that put him at an increased risk of severe symptoms or complications if he contracts COVID. Curtis is married and has two children.

## LEGAL STANDARD

Curtis seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Curtis requested compassionate release from the Warden of his facility,

**MEMORANDUM DECISION AND ORDER - 3**

which was denied on September 4, 2020. Dkt. 55-1 at 16-17. Therefore, his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Curtis' sentence. Curtis has only served 35 months of his sentence. Curtis pled guilty to distributing methamphetamine and fentanyl, which resulted in the death of the victim. The Court considered his pretrial adjustment and family situation when it imposed sentence. Further, the Court has considered Curtis' post-sentence conduct and finds that it does not significantly alter the § 3553(a) analysis.

The Government agrees that Curtis' health conditions coupled with the potential risks of COVID-19 may constitute extraordinary and compelling reasons for his release. But, the rate of COVID spread at Englewood has dropped significantly. Further, BOP is actively distributing COVID vaccines. Even if Curtis demonstrates extraordinary and compelling reasons, they do not outweigh the § 3553(a) analysis and the need for the sentence imposed. Accordingly, the Court will deny Curtis' motion.

## ORDER

**IT IS ORDERED** that Ryan Curtis' Motion for Compassionate Release (Dkt. 55) is DENIED.

DATED: March 10, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5